## Case No. 14,298.

### TWO HUNDRED AND THIRTEEN TONS OF COAL.

[7 Ben. 15:] [1]

District Court, E D. New York.    July, 1873.

FREIGHT—CHANGE OF VOYAGE—DEMURRAGE.

A canal-boat was hired to carry a cargo of coal from Port Johnson, N. J., to East Chester, Conn. She was detained in loading, and, after loading, proceeded to New York, where her consignees determined not to send her to East Chester, but to sell her cargo in the port of New York, which, after some delay, was done: *Held*, that the owner of the canal-boat was entitled to recover freight at the usual rate from Port Johnson to New York, and demurrage for the detention of the boat at Port Johnson, and also for the detention at New York, over and above the usual time for unloading a cargo of coal in that port.

This was a libel to recover freight and demurrage. The libellant, Stephen Brown, was the owner of a canal-boat, and agreed to go with her to Port Johnson and get a cargo of coal and take it to East Chester, Conn. The boat went to Port Johnson, and after waiting two days for coal, was loaded and came to New York, where she arrived on the 23d of December. The consignees gave the libellant an order on a towing company to be towed to East Chester, which he presented on the 24th, but his boat was not towed, and the order was afterwards cancelled. On the 26th the consignees told the libellant they were going to sell the coal in Brooklyn. After waiting some days they ordered him to go to Brooklyn. He demanded demurrage for his detention, which they refused to allow. telling him that unless he would waive his claim for demurrage he must carry the coal to East

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

Chester, according to the original contract. Thereupon his boat was towed over to Brooklyn, and there the cargo was discharged. The libellant then filed a libel against the cargo, claiming to recover freight at the usual rate from Port Johnson to New York, and demurrage for the detention of his boat at Port Johnson and at New York, over and above the usual time of discharging cargoes at that port.

Wilcox & Hobbs, for libellant.

F. A. Bowman, for claimant.

BENEDICT, District Judge. The legal effect of the action of the parties upon the contract of affreightment on which this action is based was to so modify the contract as to make it a contract to deliver the cargo at New York instead of East Chester, as originally agreed.

The substituting the port of New York as the port of delivery carried with it the obligation on the part of the consignee to accept the cargo there in accordance with the usage of the port.

Under these circumstances the libellant is entitled to recover for any unusual delay in providing him with the cargo at Port Johnson, to compensation for transporting the coal from the port of shipment to New York, at the current rates of freight, and to compensation for the delay in receiving the cargo in New York, after allowing the usual time for discharging a cargo in that port after the modification of the contract.

According to these views, the libellant must recover the balance of freight at the current rates of freight for transporting coal to New York, which amount to $70.85.

He is also entitled to recover demurrage for two days' detention in loading, which detention was for want of coal.

He is also entitled to recover demurrage for delay in receiving the coal in New York from December 26th, the day when the contract was modified, until the day the master was notified that the coal would not be received unless he waived his demurrage, which was the 20th of January.

There is some doubt upon the evidence as to the proper rate of demurrage, but I conclude that four dollars per day, being the highest sum named by the claimant of the coal, will be a fair allowance under the circumstances. The clerk will compute the amount due in accordance with this opinion.

TWO HUNDRED AND THIRTY-SIX DOZEN BOXES OF COSMETICS (UNITED STATES v.). See Case No. 16,-584.